# Foltz's Appeal.

1. Settlement of a guardian's account with triennial rests and charging commissions at the end of each period, is not favored in Pennsylvania.

2. The Act of March 29th 1832, § 10, does not warrant such settlement.

3. The triennial statements required by that section are for information and as a means of preserving the interests of the wards by affording evidence of the guardian's transactions.

4. Guardian's commission remarked upon.

May 22d 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Appeal from the decree of the Orphans' Court of *Dauphin county*, in the matter of the account of John S. Foltz, guardian, &c., of Mary Jane Laird.

The accountant was appointed guardian of the minor on the 25th of November 1854, and on the 31st day of January 1866 filed a final account of his guardianship.

In the account, he charged himself with $1006.22 and interest to April 1st 1857, when he made a rest, and deducting credits for payments on account of the ward, and commissions at 5 per cent., showed a balance of $1027.75. He then charged himself with that balance and interest on it to April 1st 1860; charged 5 per cent. commissions on the whole sum made up of the former balance and the interest, and, deducting payments to the ward and the commissions, carried on the balance thus found. This plan of triennial rests was continued in the account for two periods more, the guardian, at the end of each, charging 5 per cent. upon the aggregate of the balance and its interest during the periods.

The whole amount received by guardian, principal and interest, $1792.18 ; the disbursements $270.96, and the compensation $257.55, the final balance on his account, as filed, was $1162.44. Exceptions having been filed on the part of the ward, the Orphans'

[Foltz's Appeal.]

Court reduced the commissions $100, increasing the balance to $1262.44. From this decree the guardian appealed.

*H. C. Alleman* and *D. Mumma*, for appellant, cited Dietterich *v.* Heft, 5 Barr 87 ; Act of March 29th 1832, § 10, 18, Purd. 279, 300, pl. 39, 164, Pamph. L. 192, 193 ; McElhenny's Appeal, 10 Wright 349 ; Huffer's Appeal, 2 Grant 344 ; Say's Ex. *v.* Barnes, 4 S. & R. 116 ; Morgan *v.* Morgan, 39 Barb.

*J. Funck*, for appellee, cited McElhenny's Appeal, 10 Wright 349.

The opinion of the court was delivered, July 3d 1867, by

Agnew, J.—This is an appeal by the guardian, and the only error assigned is the deduction of $100 from the sum he claimed as compensation. We are therefore not called upon to decide as to the propriety of the mode of settling his account by triennial rests and a charge of compensation upon the balance thus shown at the end of each period of three years. It may be remarked, however, that such a mode of stating an account of the estate in the hands of any accountant has not been favored in this state. There is nothing in the 10th section of the Act of 29th March 1832, requiring the guardian to present to the Orphans' Court, at least once in every three years, an account of the management of the minor's property under his care, to warrant a settlement of the estate and charge for services every three years. These statements are not intended to be confirmed. They do not pass through the register's office, but are filed in the Orphans' Court directly, and are intended for information and as a means of preserving the interests of the ward by the evidence thus afforded of his guardian's transactions. When the guardian is called upon for his final account, he must embrace therein all the items contained in his triennial statements, and not begin with the balance in the last one : § 10, Brightly's Purd. 1861, p. 279, pl. 39 ; 5 Barr 93 ; 10 Casey 177 ; 7 Barr 249.

As to the deduction made from the guardian's charge in this case, we have no evidence except that furnished by the face of the account, and cannot say the court below committed any error. Indeed, the sum allowed appears to be more than 13 per cent. upon the sum originally coming into the guardian's hands. The error, if any, was against the appellee.

Decree affirmed.